# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DARREN ACKERSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:17-cv-01303-JCH |
| ) | |
| JANSSEN PHARMACEUTICALS, INC., ) | |
| f/k/a ORTHO-MCNEIL-JANSSEN ) | |
| PHARMACEUTICALS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand, filed on April 19, 2017. (ECF No. 9.) The Motion has been fully briefed and is ready for disposition.

## BACKGROUND

On February 28, 2017, Plaintiffs filed their Petition in the Circuit Court of the City of St. Louis, Missouri. (Petition, ECF No. 1.1.) In total, there are 70 Plaintiffs joined to this action.[1] Plaintiffs allege that they, or their next friend, suffered damages as a result of their use of the drug Risperdal, which was designed, developed, tested, labeled, packaged, distributed, marketed, and sold throughout the United States by Defendants. *Id.* Plaintiffs further allege that Defendants' engaged in unlawful conduct involving the "concealment of the true character, quality and nature of their product,…misrepresenting known dangers and/or defects in Risperdal and/or arising out of the use of Risperdal and a continued and systematic failure to disclose and/or cover-up such information from/to the Plaintiffs, Plaintiffs' physicians, and the public."

---

[1] Plaintiffs are residents of 22 states, including Missouri, Georgia, Indiana, Kentucky, Louisiana, Mississippi, New York, Pennsylvania, Tennessee, Ohio, Arizona, Connecticut, Delaware, Illinois, Oklahoma, Colorado, Kansas, Texas, North Carolina, New Jersey, West Virginia and Alabama. (Petition, ¶¶ 5-74.)

*Id.*, ¶¶ 170-171. Based upon these allegations, Plaintiffs assert claims for negligence, fraud, strict product liability (failure to warn), strict product liability, negligent misrepresentation, breach of express warranty, breach of implied warranty, violation of the Missouri Merchandising Practices Acts, conspiracy, and medical expenses incurred by parent. *Id.*, ¶¶ 178-243.

Defendants removed the action to this Court on April 12, 2017, asserting diversity jurisdiction under 28 U.S.C. § 1332(a).[2] (Notice of Removal, ECF No. 1.) Defendants contend that there exists complete diversity among "all properly joined and served parties," and that "the amount in controversy exceeds $75,000.00, exclusive of interest and costs." *Id.* at 2-3. Defendants acknowledge, however, that two Plaintiffs and several Defendants are citizens of New Jersey, and that four Plaintiffs and several Defendants are citizens of Pennsylvania, thereby defeating complete diversity as required by section 1332(a). *Id.* at 11. Defendants nevertheless insist that the citizenship of all non-Missouri Plaintiffs should be disregarded, arguing that the out-of-state Plaintiffs cannot establish personal jurisdiction over any Defendant in any court in Missouri, and that their claims were fraudulently joined. *Id.* at 17-20. Defendants emphasize that their removal does not rely on the doctrine of fraudulent misjoinder. *Id.* at 2.

Defendants contemporaneously filed a Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement. (ECF No. 4.) As mentioned above, Plaintiffs now move for remand. Plaintiffs cite to similar cases from this District in which the Court declined to resolve personal jurisdiction issues prior to addressing the straight-forward issue of subject matter jurisdiction, and remanded the matter due to the facial lack of complete diversity.

---

[2] Defendants removed this action on the basis of diversity jurisdiction, despite the lack of complete diversity on the face of the Complaint. Plaintiffs allege—and Defendants admit in their Notice of Removal—that Defendants are all citizens of New Jersey and/or Pennsylvania. Plaintiffs further allege that Plaintiffs Brandon Shazar and Graham MacFarlane are residents of New Jersey, and that Plaintiffs William Courson, Brandon Pike, Dimaris Carson, and Brandon Walker are residents of Pennsylvania. (Compl., ¶¶ 6, 7, 24, 30, 42, 47.)

**DISCUSSION**

In their response to Plaintiffs' Motion to Remand, Defendants urge this Court to consider the issue of personal jurisdiction before addressing subject matter jurisdiction. The Supreme Court has held that courts have discretion to consider the issue of personal jurisdiction before considering whether they have subject matter jurisdiction, "where personal jurisdiction is straightforward and presents no complex question of state law, and the alleged defect in subject matter jurisdiction raises a difficult question." *Dorman v. Bayer Corp.*, No. 4:16CV601 HEA, 2016 WL 7033765, at *1 (E.D. Mo. Dec. 2, 2016) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999)). "However, 'in most instances subject-matter jurisdiction will involve no arduous inquiry…[and] both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first.'" *Id.* (quoting *Ruhrgas*, 526 U.S. at 587-88). *See also Swann v. Johnson & Johnson*, No. 4:14CV1546 CAS, 2014 WL 6850776, at *2 (E.D. Mo. Dec. 3, 2014) (declining to consider issues of personal jurisdiction and venue when issue of subject matter jurisdiction was straightforward and had already been addressed by judges in this district). Upon consideration, this Court in its discretion will determine the issue of subject matter jurisdiction first, as the question of personal jurisdiction requires a more fact-intensive inquiry. *See Dorman*, 2016 WL 7033765, at *1.

In *Triplett v. Janssen Pharmaceuticals, Inc.*, No. 4:14CV2049 AGF (E.D. Mo. July 7, 2015 (ECF No. 30)), another Court in this District held that Defendants failed to establish fraudulent joinder based on the purported lack of personal jurisdiction. The Court in *Triplett* cited two other recent cases from this District that held the same, *Gracey v. Janssen Pharms., Inc.*, No. 4:15CV407 CEJ, 2015 WL 2066242, at *3 (E.D. Mo. May 4, 2015), and *Simmons v.*

*Sketchers USA, Inc.*, No. 4:15CV340 CEJ, 2015 WL 1604859, at *3 (E.D. Mo. Apr. 9, 2015), as well as several cases from other districts.

> The Court concluded that because the defendants' theory of fraudulent joinder failed to attack the merits of the non-diverse plaintiffs' claims, the defendants failed to establish that there is no reasonable basis in fact or law supporting these claims. Therefore, the Court concluded that the defendants failed to satisfy their burden to establish fraudulent joinder, and the Court remanded the case for lack of subject matter jurisdiction, leaving to the state court the question of personal jurisdiction.

*Ward v. Ortho-McNeil-Janssen Pharmaceuticals, Inc.*, No. 4:15CV408 AGF (E.D. Mo. July 13, 2015 (ECF No. 33)) (discussing *Triplett*).

Upon consideration, this Court will follow the approach taken in *Triplett*, and remand this matter for lack of subject matter jurisdiction. *See Ward*, No. 4:15CV408 AGF; *see also T.R. v. Janssen Pharmaceuticals, Inc.*, No. 4:16CV1860 CEJ, 2017 WL 492827, at *3 (E.D. Mo. Feb. 7, 2017) ("Courts in this district have repeatedly held that an alleged lack of personal jurisdiction does not establish fraudulent joinder….This Court agrees that the fraudulent joinder doctrine requires the Court to consider the merits of plaintiffs' claims under state law, and a personal jurisdiction challenge does not go to the merits of the claim.").

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (ECF No. 9) is **GRANTED**, and that this matter is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri. A separate Order of Remand will accompany this Memorandum and Order.

4

Dated this 3rd day of May, 2017.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE